1:26-mj-00285-CL

DISTRICT OF OREGON, ss: AFFIDAVIT OF CHRISTOPHER GIOVANETTY

**Affidavit in Support of a Criminal Complaint and Arrest Warrant**

I, Christopher Giovanetty, being duly sworn, do hereby depose and state as follows:

**Introduction and Agent Background**

1. I am a Special Agent with the Federal Bureau of Investigation and have been since June 2022. My current assignment is to the Portland Field Division of the FBI, and I investigate cases involving crimes against children, fraud, and domestic terrorism. My training and experience includes formal training at the FBI Academy's Basic Field Training Course in Quantico, Virginia. During this four-month course, I received several hundred hours of instruction in law enforcement investigations, including training related to criminal case management, informant development, violent crimes, violent crimes against children, and exploitation of children.

2. I submit this affidavit in support of a criminal complaint and arrest warrant for Nathan John Spencer for unlawful possession of a firearm in violation of Title 18, United States Code, Section 922(g)(1) and possession of a firearm that had the serial number removed, obliterated, or altered in violation of Title 18, United States Code, Section 922(k). As set forth below, there is probable cause to believe, and I do believe, that Nathan John Spencer committed unlawful possession of a firearm in violation of Title 18, United States Code, Section 922(g)(1) and possession of a firearm that had the serial number removed, obliterated, or altered in violation of Title 18, United States Code, Section 922(k).

**Applicable Law**

3. Title 18, United States Code, Section 922(g)(1) provides that is shall be unlawful for any person who has been convicted in any court of a crime punishable by imprisonment for a

term exceeding one year to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

4. Title 18, United States Code, Section 922(k) provides that it shall be unlawful for any person knowingly to transport, ship, or receive, in interstate or foreign commerce, any firearm which has had the importer's or manufacturer's serial number removed, obliterated, or altered or to possess or receive any firearm which has had the importer's or manufacturer's serial number removed, obliterated, or altered and has, at any time, been shipped or transported in interstate or foreign commerce.

**Statement of Probable Cause**

5. On October 10, 2026, officers with the Brookings Police Department in Brookings, Oregon, responded to a reported overdose at a residence. The residence was occupied by Nathan John Spencer, DOB XX/XX/1999, and his wife, hereinafter J.S. When officers and emergency medical staff arrived, it was determined J.S. had died of a suspected overdose and Spencer was also believed to be suffering from the effects of an overdose. Spencer was transported to a hospital and survived.

6. Spencer gave verbal consent to Brookings Police Officer Hill to enter Spencer's residence and retrieve the controlled substance that was believed to cause the overdoses. Officer Hill took custody of a white powdery substance in a small bag and entered it into evidence.

7. While at the Spencer residence with Officer Hill, Bookings Police Officer Branion identified Minor Witness 1 (MW1) who is the son of J.S. MW1 was sleeping in a green van parked close to the Spencer residence at the time of the incident. Branion transported MW1 to J.S.'s mother, Adult Witness 1 (AW1), and father, Adult Witness (AW2) because they are

MW1's grandparents. Officer Branion advised AW1 and AW2 of the death of J.S and they took custody of MW1. AW1 told law enforcement that she had purchased the travel trailer that the Spencers resided in for them and that they had been living there for approximately four months.

8. On October 12, 2026, Spencer was at a hospital receiving treatment in Medford, Oregon, approximately three hours away from his residence in Brookings, Oregon. Spencer gave verbal consent to AW1 and AW2 to enter his residence and retrieve MW1's personal belongings. AW1, AW2, and Adult Witness 3 (AW3), a family member of AW1, went to the Spencer residence together to retrieve the belongings. When the group entered the residence, they found multiple firearms, including an AR style rifle inside the master bedroom and at least two handguns. AW1, AW2, and AW3 called Officer Branion to report the firearms. During this call, AW2 stated that he spoke to Spencer and Spencer told him there were guns inside the trailer. Spencer also told AW2 that Spencer carved the serial numbers off the firearms. Spencer also told AW2 that Spencer is not supposed to be in possession of the firearms.

9. AW1 advised Officer Branion that Spencer was being released from the hospital soon and would be traveling back to Brookings, OR. Officer Branion reviewed a copy of Spencer's criminal history report and found that he was convicted in 2018 for a felony robbery in Texas. Believing that Spencer was a felon who was in possession of firearms, Officer Branion obtained a search warrant for Spencer's residence.

10. In the afternoon of October 12, 2026, Brookings PD Officers executed the search warrant at Spencer's residence. During the search, Brookings PD Officers seized:

- A black and green Palmetto State Armory AR style rifle with an obliterated serial number and what appears to be a modified trigger system;
- A black Palmetto Dagger Compact handgun with an obliterated serial number;

- A green and black handgun with an obliterated serial number;
- A black handgun lower receiver with an obliterated serial number;
- Five handgun magazines with ammunition;
- Two handgun magazines without ammunition;
- Seven AR magazines with ammunition;
- Other miscellaneous gun parts and tools.




Palmetto State Armory AR style rifle with added red circle showing obliterated serial number

/ / /

/ / /

/ / /



Palmetto Dagger Compact handgun with an obliterated serial number



Green and black handgun with an obliterated serial number



Black handgun lower receiver with an obliterated serial number

11. After the search, officers conducted a traffic stop on Spencer after he returned to Curry County, OR. Spencer was arrested without incident during this traffic stop.

12. Officer Branion interviewed Spencer while in custody. Officer Branion advised Spencer of his Miranda Rights and Spencer stated that he understood his rights. Spencer confirmed his residential address, which is the same address Officer Branion searched and located the firearms. Spencer confirmed that he is a convicted felon. Officer Branion asked Spencer if there was anything inside residence that he was not supposed to have and at this point, Spencer stated that he would like to invoke his rights. Officer Branion stopped asking questions at this time, but despite invoking his rights, Spencer continued talking and voluntarily stated that he was going to be honest and advised there were firearms in his trailer.

13. Officer Branion reminded Spencer of his right to have an attorney present during questioning and asked if he wanted to continue talking. Spencer stated that he did not want an

attorney and that he was going to be "straight up" with Officer Branion. Officer Branion asked Spencer what firearms are in the trailer. Spencer stated that he had an AR-15 and a pistol. Spencer then stated that he might have one more pistol. Officer Branion informed Spencer that a search warrant had been served on his trailer already and asked Spencer if the AR-15 had a forced reset trigger. Spencer stated that it did have a forced reset trigger. When asked to explain what a forced reset trigger is, Spencer stated that it was a rapid-fire device.

14. Officer Branion asked Spencer about the serial numbers on the firearms. Spencer stated that he knew he was not supposed to have the firearms, so he removed the serial numbers. Officer Branion asked Spencer where he got the firearms and Spencer stated that they were not stolen.

**FBI Investigation Initiated**

15. On October 19, 2026, Officer Branion contacted me telephonically and briefed me about Spencer's case. Officer Branion shared a copy of his report which included a summary of the statements made by the witnesses and Spencer as well as photographs of the firearms seized from Spencer's residence. I observed the condition of the firearms and noted that the serial numbers for all four firearms have been obliterated and are not legible. Two of the firearms appear to be manufactured by Palmetto State Armory, which is based in South Carolina. I know from my training and experience that Palmetto State Armory primarily manufactures firearms in South Carolina and that they do not have firearm production facilities in Oregon. I have probable cause to believe that the two Palmetto State Armory firearms seized from Spencer's residence traveled in interstate commerce to arrive in Oregon. As of now, I have not identified the manufacturer of the other two firearms or determined their state of origin.

16. On the same day, I reviewed copies of the police reports from 2018 related to Spencer's arrest and conviction in Texas. According to the reports, Spencer and three co-conspirators attempted a bank robbery in Johnson County, Texas. Spencer pled guilty to one count of second-degree felony robbery and was sentenced to four years of confinement with the Texas Department of Criminal Justice. I know from my training and experience that the conviction of a violent felony punishable by imprisonment for a term exceeding one year makes Spencer a prohibited person under Title 18, United States Code, Section 922(g)(1).

## Conclusion

17. Based on the foregoing, I have probable cause to believe, and I do believe, that Nathan John Spencer committed unlawful possession of a firearm in violation of Title 18, United States Code, Section 922(g)(1) and possession of a firearm that had the serial number removed, obliterated, or altered in violation of Title 18, United States Code, Section 922(k). I therefore request that the Court issue a criminal complaint and arrest warrant for Nathan John Spencer.

/ / /

/ / /

/ / /

18. Prior to being submitted to the Court, this affidavit, the accompanying complaint and the arrest warrant were all reviewed by Assistant United States Attorney (AUSA) Melissa LeRitz, and AUSA LeRitz advised me that in her opinion the affidavit and complaint are legally and factually sufficient to establish probable cause to support the issuance of the requested criminal complaint and arrest warrant.

*By phone pursuant to Fed. R. Crim. P. 4.1*
CHRISTOPHER GIOVANETTY
Special Agent, FBI

Sworn in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone at 1:50 a.m./p.m. on October 21, 2026.

HONORABLE MARK D. CLARKE
United States Magistrate Judge